Vázquez Prada et al., Demandantes y Apelantes, v. Annuzzi et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª., en pleito sobre nulidad de hipoteca y devolución de bienes.

Moción del apelante solicitando la unión a los autos de varios documentos.

No. 1921.—Resuelto en diciembre 2, 1918.

Corrección de Autos—Remisión de Documentos Originales—Facultades de los Secretarios de las Cortes de Distrito.—De acuerdo con la Ley No. 70 de 1911, no basta que la parte apelante entienda y desee que algún documento presentado como prueba haya de ser remitido original a la Corte Suprema para que el secretario del tribunal *a quo* tenga el deber de remitirlo al de apelación, siendo para ello necesario que el juez que ha de impartir su aprobación al pliego de exposición del caso, resuelva que se envíe original, ya que dicho funcionario es el llamado por la ley a determinar ese particular.

Exposición del Caso—Tácita Aprobación del Tribunal.—Aunque en el presente caso no hubo declaración expresa de que los documentos reseñados en la exposición del caso aprobada por el juez de la corte inferior se remitieran originales al tribunal de apelación, sin embargo, como se aprobó la exposición del caso en que se hacía constar que los documentos se remitirían originales, puede entenderse que tácitamente la corte consintió en la proposición que en tal sentido hiciera el apelante.

Los hechos están expresados en la opinión.

Abogado de los apelantes: Sr. *Juan B. Soto*.

Abogado de los apelados: Sr. *Francisco Soto Gras*.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Para tramitar la parte apelante su recurso de apelación contra la sentencia dictada en este pleito, optó por el procedimiento establecido en la Ley No. 70 de 1911 y redactó el pliego de exposición del caso y de excepciones extractando la prueba testifical pero no hizo lo mismo con la documental la que reseñó solamente, consignando además que acompañaría los documentos como *exhibits*. El juez aprobó ese pliego de exposición del caso y de excepciones sin hacer manifestación alguna respecto a si los documentos reseñados debían ser enviados originales a este tribunal.

Al presentar la apelante en nuestra secretaría la transcripción del legajo de la sentencia para tramitar su recurso radicó también varias certificaciones libradas por el secretario de la corte inferior, notificadas a la parte contraria, conteniendo copias de los documentos presentados como prueba en el juicio y reseñados en la exposición del caso. Algún tiempo después nos pidió en la moción que resolvemos que ordenemos al secretario del tribunal inferior que nos envíe originales los documentos presentados en el juicio y reseñados en la exposición del caso para que los tengamos en cuenta al resolver la apelación.

Cuando la prueba presentada en el juicio ha de ser traída ante nosotros contenida en un pliego de exposición del caso redactado por la parte apelante y aprobado por el juez con intervención de la otra parte, de acuerdo con la Ley No. 70 del año 1911, entonces tanto las pruebas testificales como las documentales se expondrán en forma narrativa extractándose lo que esencialmente concierna al punto o puntos en controversia y determinando además, en cuanto a la prueba documental, los lugares, fechas y en su caso funcionarios que concurrieron en el otorgamiento, a no ser que para una correcta inteligencia y resolución del asunto sea necesario que algún mapa, documento original o *exhibit* de cualquier clase, que no sea susceptible de reproducción por medio de copia, fotografía o de otro modo sea presentado al examen e inspección de la Corte Suprema en cuyo caso, hecha una descripción del mismo, el secretario de la corte *a quo,* después de autenticar dicho mapa o documento original o *exhibit,* bajo su firma y sello de la corte remitirá el mismo al secretario de esta Corte Suprema, haciendo constar que se ha hecho parte de los autos (*record*).

No basta que la parte apelante entienda y desee que algún documento presentado como prueba haya de ser remitido original a este Tribunal Supremo para que el secretario del tribunal *a quo* tenga el deber de remitirlo al de apelación y para que no haciéndolo pueda pedírsele, pues es necesario

que el juez que ha de impartir su aprobación al pliego de exposición del caso resuelva que se envíe original, porque es el llamado por la ley a determinar ese particular, pues la forma narrativa en que los documentos deben venir ante nosotros, según la ley citada, no puede ser sustituída por la parte apelante por una mera reseña de ellos a menos que el juez entienda que es conveniente que este tribunal examine el documento original en cuyo caso, al aprobar la exposición del caso, ordenará que el secretario envíe tal documento a este tribunal. Esto no lo dice la ley pero no puede ser otra su interpretación y buena inteligencia.

Aunque en el caso presente el juez no declaró expresamente que los documentos reseñados en la exposición del caso que aprobó nos fueran remitidos originales, sin embargo, como puede entenderse que tácitamente consintió en la proposición en tal sentido hecha por la parte apelante porque impartió su aprobación a la exposición del caso en que se hacía constar que los documentos se nos presentarían, preferimos acceder a la petición de la parte apelante.

*Declarada con lugar la moción y admitidos los documentos originales reseñados en la exposición del caso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.